# Richmond

B. E. DOTSON, KENNETH DOTSON AND W. M. KELLY V. GEORGE W. BRANHAM, BERTHA BRANHAM AND IZORA MULLINS.

January 16, 1956.

Record No. 4455.

Present, Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

The opinion states the case.

*G. Mark French,* for the appellants.

*M. M. Long, Glyn R. Phillips* and *Hansel Fleming,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit in equity was brought by George W. Branham, Bertha Branham and Izora Mullins, complainants, now the appellees, to restrain the appellants, herein referred to as defendants, from mining the coal on a tract of 12.59 acres, part of a tract of 89 acres in Dickenson county, to remove as a cloud on their title the deed under which the defendants claimed the coal, and to recover damages.

The 89-acre tract was formerly owned in fee by Logan S. Mullins and on his death it was inherited by his four children: Vernie Mullins, Trigg Mullins, John G. Mullins and Bertha Branham. Afterwards Vernie Mullins conveyed to George W. Branham (husband of Bertha) his undivided one-fourth interest in the coal, oil, gas and minerals on the 89-acre tract by deed dated December 7, 1940; and Trigg Mullins also conveyed his undivided one-fourth interest in said coal, etc., to George W. Branham by deed dated July 10, 1941. John G. Mullins, by deed dated June 5, 1940, conveyed to his wife, Izora Mullins, his one-fourth undivided interest in the coal, etc., on the 89-acre tract.

After the making of these deeds George W. Branham owned an undivided one-half of the coal, oil, gas and minerals on the 89-acre tract; Bertha Branham owned an undivided one-fourth thereof and Izora Mullins the remaining undivided one-fourth thereof. The deeds to Branham were promptly recorded but the one to Izora Mullins was not recorded until August 13, 1954.

By deed dated November 17, 1947, John G. Mullins and Izora Mullins, his wife, conveyed the 12.59-acre tract in fee simple, by metes and bounds, and with general warranty, to B. E. Dotson and Kenneth Dotson, two of defendants, who leased the tract for coal mining purposes to W. M. Kelly, the third defendant, by contract dated July 9, 1954.

The bill of complaint alleged that it was the intention of the parties to the last-named deed to convey to the Dotsons only the surface of this 12.59-acre tract. Most of the evidence related to this allegation, and the contract for the sale executed prior to the deed, which was produced in evidence, excepted from the sale "the coal, mineral and mining rights heretofore sold and conveyed away." However, in the decree appealed from the court held in effect that the deed to the Dotsons conveyed the undivided one-fourth interest of Izora Mullins in the coal, etc., and no error is now assigned to that holding.

It is not indicated in the pleadings or in the evidence how the balance of the surface of the 89-acre tract is owned. The brief of

defendants says that according to custom the surface was "divided in pay [sic] by the heirs but the coal and mineral was held undivided by all the heirs." Complainants say in their brief that John and Izora Mullins owned the surface of the 12.59-acre tract and in their bill they disclaimed any title to the surface of this tract.

In addition to asking that the deed to the Dotsons be removed as a cloud on their title to the coal, the complainants alleged that there was only about one acre of coal left to be mined on the whole 89-acre tract, and that if the defendants were allowed to continue mining the coal on the 12.59 acres, irreparable damage would result and they prayed that the defendants, the present appellants, be enjoined from mining on the 12.59 acres and for judgment for damages for the mining already done.

The Dotsons and their lessee, Kelly, filed separate demurrers and answers to the bill. In Kelly's answer he alleged that he took his lease from the Dotsons in good faith, after having the records searched by an attorney, and without notice of any legal claim to the coal by the complainants. He admitted that he was now mining coal every day on the 12.59-acre tract, had paid out $800 in opening said mine, and that an injunction "would practically bankrupt him." The answer of the Dotsons admitted that they claimed the title to the coal and minerals on the 12.59-acre tract; that their lessee, Kelly, had entered thereon and intended to mine all the Clintwood seam on said tract. They further admitted that Izora and John Mullins, their grantors, owned only an undivided one-fourth interest in the 89 acres of which the 12.59 acres was a part, but asserted that they "believed" that where the owner of an undivided interest conveys a part thereof by metes and bounds, his interest in the whole tract inures to his grantee, so that in a suit for partition of the 89-acre tract the interest of John and Izora Mullins in the coal and minerals would be laid off under the 12.59 acres, and therefore they now owned the coal and minerals under the 12.59 acres "to the extent of their lines." They also admitted that there was only about one acre of the Clintwood seam to be mined on the 12.59-acre tract, but alleged that there were other mineable seams on that tract as well as on the 89-acre tract, which were thought at the time of their deed to be of little value.

The evidence, even that of the defendants, confirmed by admissions in their brief, shows that all the Clintwood seam on the rest of the 89-acre tract was mined out before 1947, the date of the Dotson

deed; that all but approximately one acre on the 12.59-acre tract was mined before the Dotson deed, and that the royalties were paid to the Branhams and to Izora Mullins, the grantor of the Dotsons, in proper proportion. B. E. Dotson repeated in his evidence the allegation in his answer that he and Kenneth Dotson claimed all the coal on the 12.59 acres and the right to lease it and to receive the royalties therefrom to the exclusion of the Branhams.

By decree of December 29, 1954, appealed from, the court below held that George W. Branham was the owner in fee of an undivided one-half interest in the 12.59 acres of land, as described by metes and bounds in the Dotson deed; that Bertha Branham was the owner in fee of an undivided one-fourth interest therein, and that the Dotsons owned only an undivided one-fourth interest therein in fee under their deed from John and Izora Mullins, because that was all the latter owned when they made the deed. The court found that the Dotsons and their lessee claimed all the coal on the 12.59 acres, and had mined part of it and would continue to mine it exclusively for their own benefit and in disregard of the rights of their co-owners; that the mining so being done was not from any mine which had been previously operated, and was destructive of the substance of the estates of their co-owners. The defendants were accordingly enjoined from so mining and removing the coal on said tract without the consent of their co-owners, so long as the interests in said coal remained undivided; it was decreed that the Branhams were entitled to have an accounting by the Dotsons for their three-fourths of the value of the coal that had been removed and a special commissioner was appointed to take the account.

The court further held that Izora Mullins was not entitled to any relief as to her claim to the coal on the 12.59 acres, sustained the defendants' demurrers to that extent and dismissed the bill as to her.

Defendants excepted "to all rulings of the court which are unfavorable to them," and to the failure of the court to decree partition of the 89 acres of which the 12.59 acres was a part. As to the latter exception, the court found that no such affirmative relief had been asked for by the defendants in their pleadings.

Later, on January 12, 1955, the defendants presented and asked leave to file a "Petition for Rehearing and Cross Bill," which will be referred to below. By decree of January 14, 1955, also appealed from, the court held that they were not entitled to a rehearing, but amended the decree of December 29 to provide that it had no ap-

plication to the ownership of the surface of the 12.59 acres, "except in so far as the surface thereof may be affected by the ownership of the coal and the rights of the owners of the coal to mine and remove same;" and anything in the decree of December 29, 1954, in conflict therewith was set aside and declared of no effect.

The defendants assigned eight errors to these decrees, undertook to assign an additional one after the record was transmitted, and inserted two extra ones in their petition, which were not filed in the clerk's office below. Only those filed in accordance with Rule 5:1, § 4, may now be considered.

In their brief defendants say that these assignments present eleven points to be decided. One of these is challenging. It asks, "Do the rules of Supreme Court bind on the court as well as litigate?" A ventured answer might be yes and no. However, their brief further states, as we understand it, that the main question is whether it was proper to grant an injunction against them as owners of an undivided one-fourth interest in the minerals, whereas they were grantees of all the minerals in the deed from one who owned only an undivided interest therein.

Clearly the injunction was proper. It is shown beyond controversy that the Branhams owned an undivided three-fourths of this coal. That was shown by the records which the defendants testified they had examined. The defendants owned only an undivided one-fourth of this coal. That was all that their grantors owned and all they could convey to the defendants. Those grantors could not by their deed to the defendants convey or diminish the property of the Branhams. The defendants did not contend that they were mining for the benefit of themselves and the Branhams. They asserted in their pleadings and in their evidence that they owned all this coal and that they were mining it for themselves to the exclusion of their co-owners. They had, of course, no right to exclude their co-owners from their interest in the property and appropriate all of it to themselves.

The principle stated in *Crouch* v. *Puryear*, 22 Va. (1 Rand.) 258, relied on by the defendants and approved in *Bond* v. *Godsey*, 99 Va. 564, 566, 39 S. E. 216, 217, and in *Graham* v. *Smith*, 170 Va. 246, 196 S. E. 600, is not authority for the defendants' contention. The principle there decided was that a tenant for life may work mines already opened on the life estate property, but has no right to open and work unopened mines. This is far from saying that one owning an un-

divided one-fourth of the coal in a mine, open or unopened, can enter and take it all, leaving out of view the finding of the lower court that the mining done by the defendants here was not from any mine which had been previously operated. So it was held in *South Penn Oil Co.* v. *Haught*, 71 W. Va. 720, 78 S. E. 759, that the extraction of oil and gas by one joint tenant without the consent of his co-owners constituted waste and was properly enjoined. See also *Anderson* v. *Harvey's Heirs*, 51 Va. (10 Gratt.) 386.

■ The defendants assign error to the refusal of the court to allow them to file the petition to rehear and cross-bill referred to above, in which they alleged, omitting matters previously herein dealt with, as follows:

(1) That the decree of December 29, 1954, was entered without the knowledge or consent of their counsel and without his having initialed it in accordance with Rule 2:18. In their brief counsel for complainants state (and it is not controverted) that after being advised of the court's decision they prepared a decree and presented it to defendants' counsel, who refused to initial it; that it was then sent to the court with the statement that opposing counsel objected to it, and the court then rewrote the decree and entered it. As noted above, it stated the objections of defendants' counsel, and we can perceive no prejudicial error in the procedure;

(2) That in the December 29 decree the court should have ordered a partition, after requiring or allowing any necessary amendments to the pleadings; and the petition to rehear and cross-bill prayed that the court now "partition this mineral" and appoint commissioners to lay off to the Dotsons their part of the 89-acre tract, "and that the part of said 89-acre tract of mineral belonging to J. G. Mullins or Izora Mullins be laid off to your defendants under the said 12.59 acre tract * * ."

From what has been said above, it is apparent that the petition stated no adequate grounds for a rehearing; and we conclude that the court committed no error in refusing to entertain it as a cross-bill. See Lile's Equity Pl. & Pr., 3 ed., Meade, §§ 151-2. The defendants had not asked nor did they want any partition in the suit that was decided. They asserted complete title to a tract described by metes and bounds and denied that co-ownership existed. No decree for partition was proper or even possible in the cause as it was submitted for decision. Neither could the relief asked for by the defendants in their cross-bill be granted as the record then stood. The petition it-

self alleged that all the coal that it was practicable to get from the 89-acre tract had been mined except in the one acre remaining under the 12.59-acre tract; and admittedly the defendants' predecessors in title had been paid for their part of the coal so mined. Thus the partition asked for in the cross-bill would necessarily result in giving to the defendants the three-fourths interest of the Branhams in this coal without any compensation to the Branhams therefor. Furthermore, there was no allegation and no evidence in the case as to how and by whom the surface of the 89-acre tract was owned; and in addition John Mullins, one of defendants' grantors, was not a party to the cause, and Izora Mullins, the other, had been dismissed from the suit at their instance.

The remaining assignments of error are either repetitious or insubstantial.

The decrees appealed from are

*Affirmed.*